IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE PISTRUI GROUP, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04 cv 566 WDS |
| ) | |
| ABSG CONSULTING, INC., ) | |
| ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion for Leave to File an Amended Answer filed by the defendant, ABSG Consulting, Inc., on May 27, 2005 (Doc. 31) and the Motion to Substitute Party (entitled "Motion for Dropping and Adding Parties Pursuant to Rule 21") filed by ABSG on June 7, 2005 (Doc. 37). The Motion to Amend is **GRANTED** and the Motion to Substitute Party is **GRANTED**.

Background

In this removed action, the plaintiff, The Pristrui Group, Inc., filed a Complaint concerning a 1998 construction project contracted by the Granite City Community Unit School District #9. During this construction project, which was an addition to the Grigsby Middle School Building, Pistrui was contracted to provide architectural designs. Pistrui entered into a subcontract with EQE International, Inc. (of whom the defendant, ABSG Consulting, Inc. is the successor) to provide certain structural work including design work on the foundation of the addition. After the foundation was poured, the Complaint states that the concrete slab cracked and heaved in various locations because certain "plastic soils" were not removed prior to the pouring of the concrete.

1

The school district demanded that the foundation be replaced; this work was completed by Plochner Construction Company, Inc. at a cost of $388,210.00. After paying this amount to Plochner, the school board demanded that Pistrui reimburse it. Pistrui and the school board entered into a settlement agreement whereby they settled the dispute for $247,500.00. Pistrui now seeks indemnification from ABSG, as the successor of EQE, in that amount, plus interest and fees.

Pistrui was involuntarily dissolved on April 1, 2002. In the motion to substitute, ABSG claims that the real party in interest is Continental Casualty Company, an insurance company that actually paid the $247,500.00 to the school district. ABSG claims that Pistrui is not the proper plaintiff as it does not have even a *de minimis* interest in this lawsuit and because it has brought suit solely for the benefit of the insurance company. In the motion to amend its answer, ABSG seeks to add two affirmative defenses: that the plaintiff's recovery is limited by an "proposal" that is a part of the contract between the parties; and that pursuant to that same proposal, the defendant is entitled to attorney's fees and expenses.

## Discussion

### Motion to Substitute

The plaintiff has failed to respond to this motion. Therefore, pursuant to this Court's discretion as provided by Local Rule 7.1(g), the Court considers the failure to respond as an admission of the merits of this motion.

Federal Rule of Civil Procedure 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." Rule 17(a) and Rule 21 further provide for the substitution of the real party in interest "on such terms as are just." The undisputed evidence

reveals that Continental paid the settlement amount to the school board in compensation for the re-pouring of the foundation.  In addition, Gary A. Chappell, who provided deposition testimony on behalf of Pistrui as its corporate designee, stated that Continental would stand to recover if Pistui wins this lawsuit.  He further admitted that the lawsuit is an insurance subrogation claim brought by Continental through Pistrui and that he is unsure if Pistrui is even claiming reimbursement of its deductible.  (Gary A. Chappell Deposition at pp. 141-142)

The defendant points out that Illinois Code of Civil Procedure 5/2-403(c) provides that "[a]ny action hereafter brought by virtue of the subrogation provision of any contract or by virtue of subrogation by operation of law shall be brought either in the name or for the use of the subrogee . . . ."  The complaint in this matter only seeks reimbursement of the monies paid to the school district, plus statutory interest and attorney's fee and costs.  Based on the testimony of Chappell and the payment receipts attached to the defendant's motion, this amount of damages correlates exactly to the amount paid by Continental.  As such, Continental, and not Pistrui, is the real party in interest and must be substituted as the party-plaintiff in this action.[1]

## Motion to Amend

Prior to reaching the merits of the motion, the Court reminds the defendant that all proposed amendments to pleadings should be e-mailed to chambers and not filed until leave to amend is granted.  Furthermore, the defendant is directed to Local Rule 15.1 which provides that changes to a pleading must be underlined.  The failure to follow the Local Rules in the future may result in the summary denial of any future motion.

---

[1] The substitution of Continental for Pistrui does not, at first blush, destroy this court's subject matter jurisdiction.  Continental appears to be an Illinois Corporation with its principal place of business in Chicago, Illinois.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). The granting or denying of a motion to amend is reviewed for an abuse of discretion. Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004). As indicated above, the defendant seeks to add two affirmative defenses based on a "proposal" submitted to Pistrui and dated November 3, 1998. From the proposed amended answer, the Court assumes that ABSG is claiming that this proposal is a binding contract which limits its liability. ABSG claims that it became aware of the applicability of this alleged contract during depositions conducted on May 18 and 19, 2005. ABSG further alleges that no prejudice will follow because the plaintiff was aware of the provisions of this alleged contract.

The plaintiff, on the other hand, asserts that the defendant should have been aware of the proposal when the Complaint in this matter was filed as it was attached thereto at exhibit 7. The plaintiff also appears to argue (albeit unspecifically) that the defendant's claim for attorney's fees and costs is in fact a compulsory counterclaim that should have been asserted in the original answer. In addition, the plaintiff states that it will be prejudiced because the proposed amendments will require additional discovery, that it will expose the plaintiff to additional cost and expenses, and that it will require the plaintiff to amend its complaint to include a claim for costs and fees based on the proposal. Finally, the plaintiff states that the defendant should not benefit from its own lack of diligence. In reply, the defendant states that the plaintiff was placed on notice that it considered the proposal to be a part of the contract between the parties. The

defendant also states that it "was in no position to assert" these defenses until it had deposed Chappell and discovered facts relating the acceptance of the proposal as part of the underlying contract between the parties.

From the arguments of counsel, it appears that neither party is unaware or surprised by the provisions of the proposal. The plaintiff, by attaching the proposal to its complaint, at least was aware that the provisions of the proposal are relevant to its claims. While the defendant may have asserted its defenses in a more timely fashion, doing so now will not unduly prejudice the plaintiff. The affirmative defenses regarding the limitation of liability and attorney's fees are primarily legal argument that will only necessitate limited discovery. Discovery in this matter has already been extended to August 7, 2005 – this should provide the parties with ample time to conduct whatever discover the amendments would necessitate. If the plaintiff seeks to amend its complaint to include a similar claim, it may do so. The interests of justice would not be served by omitting a defense that may be central to the plaintiff's ability to recover the full amount of damages that it seeks. Therefore, this motion must be granted.

For the foregoing reasons, the Motion for Leave to File an Amended Answer filed by the defendant, ABSG Consulting, Inc., on May 27, 2005 is **GRANTED** (Doc. 31) and the Motion to Substitute Party (entitled "Motion for Dropping and Adding Parties Pursuant to Rule 21") filed by ABSG on June 7, 2005 is **GRANTED** (Doc. 37). Continental Casualty Company is hereby **SUBSTITUTED** as the proper party-plaintiff for the Pistrui Group, Inc. The Clerk is directed to date the Amended Answer (Doc. 33) as of the date of this Order. The plaintiff may file an amended complaint, if it wishes, to include a claim for attorney's fees and costs pursuant to the

proposal, only, by July 5, 2005.  The Pistrui Group, Inc. **SHALL** serve a copy of this order on the new plaintiff, Continental Casualty Company.

**DATED: June 27, 2005.**

<u>s/ Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**
