IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE PISTRUI GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 04-CV-566-WDS |
| | ) |
| ABSG CONSULTING, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, to which defendant has filed a response, and plaintiff a reply.

## BACKGROUND

This implied contract of indemnity action was filed on July 9, 2004, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. The defendant timely removed the action to this Court.

As set forth in the complaint, the relevant facts are as follows. Plaintiff Pistrui Group, Inc. contracted with EQE International, Inc. ("EQE") to prepare the structural drawings for an addition to the Grisby Middle School Building ("Grisby") in Granite City, Illinois. Defendant ABSG Consulting, Inc. is the successor-in-interest to EQE. Plaintiff asserts a claim for indemnity to recover sums paid by plaintiff to Granite City School District #9 ("GCSD") in connection with the cracking and heaving of the concrete floors at Grisby, which began on October 8, 1999. At GCSD and plaintiff's direction, the company that had installed the floors

(pursuant to the defendant's structural drawings), Plocher Construction Company, Inc. ("Plocher"), removed and replaced the floors. Plocher then made a claim against GCSD for the remedial work. An arbitration panel found in Plocher's favor, and awarded Plocher $388,210, plus fees and costs. GCSD then demanded that plaintiff indemnify it; shortly thereafter, plaintiff entered into a settlement with GCSD, in which plaintiff paid GCSD $247,500 in exchange for GCSD's full release and discharge of plaintiff. Plaintiff now seeks indemnification from defendant in the amount of $247,000.

In its answer, defendant alleges as an affirmative offense that plaintiff's claim is time barred by the four-year statute of limitations set forth in 735 ILCS 5/13-214 because plaintiff did not file suit within four years from the time that plaintiff knew or should have known of the errors and omissions committed by defendant in preparing the structural drawings.[1]

Plaintiff concedes that defendant's position would be valid if this were not an indemnity action. Plaintiff asserts that because this is an action for indemnity, the two-year statute of limitations set forth in 735 ILCS 5/13-204(a) applies, and that because plaintiff filed suit against defendant within two years of the date plaintiff paid GCSD for the damages caused by defendant's alleged errors and omissions, the action was timely filed.

---

[1] Section 13-214(a) states in relevant part:

> Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission.

## ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as matter of law. See, *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. See, *id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. See, *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

Plaintiff seeks summary judgment with respect to defendant's affirmative defense that plaintiff's claim is time barred. Specifically, plaintiff claims that 735 ILCS 5/13-204 preempts 735 ILCS 5/13-214, and that under section 13-204, plaintiff timely filed its complaint. Despite defendant's position in its answer that section 13-214 applies, it appears to concede in its response to the motion for partial summary judgment that the two-year statute of limitations set forth in section 13-204 governs this action. Accordingly, the only issue before the Court is whether plaintiff's action is time barred under section 13-204.

Here, no underlying action has been filed by a claimant against plaintiff, therefore section

13-204(a) is the relevant portion of the statute:

> a) In instances where no underlying action seeking recovery for injury to or death of a person or injury or damage to property has been filed by a claimant, no action for contribution or indemnity may be commenced with respect to any payment made to that claimant more than 2 years after the party seeking contribution or indemnity has made the payment in discharge of his or her liability to the claimant.

The crux of the parties' dispute is their disagreement with respect to what actions under section 13-204(a) constitute a "payment in discharge of his or her liability" for purposes of triggering the two-year statute of limitations.

Plaintiff claims that the statute of limitations was triggered on December 11, 2002, when plaintiff made the payment to GCSD pursuant to their settlement agreement.[2] Defendant, on the other hand, argues that the two-year limitations period began running prior to July, 2002, when plaintiff began to assist GCSD, without compensation, in the defense of the claims asserted by Plocher.[3] Defendant asserts that prior to July, 2002, plaintiff undertook an obligation to indemnify GCSD and suffered actual losses, specifically, the expenses incurred in assisting GCSD, which were tantamount to a payment.

The Court disagrees. As defendant correctly states, Illinois case law is clear that no right of action can exist until a loss has been sustained. *Otter Creek Lumber Co. v. McElwee*, 1890 WL 2147 (Ill. App. 1890). Defendant argues that rendering assistance to GCSD was tantamount

---

[2] It is unclear precisely when plaintiff and GCSD entered into their settlement agreement. As stated, plaintiff's payment to GCSD was made on December 11, 2002. However, even if one could arguably claim that the statute of limitations began running when plaintiff and GCSD entered into a settlement (which constituted the undertaking of an obligation to discharge plaintiff's liability), the settlement agreement between plaintiff and GCSD was not entered into prior to September 19, 2002. (See, Doc. 39, Ex. 12).

[3] Plaintiff does not contest that it assisted GCSD in defending Plocher's claims. *Inter alia,* it assisted GCSD in preparing for the arbitration, consented to GCSD's request to be joined in the arbitration (the arbitrator denied GCSD's request), and served vendors with subpoenas regarding the arbitration. (See, Doc. 40).

to undertaking an obligation sufficient to constitute a discharge of liability, cf., e.g., *Caballero v. Rockford Punch Press and Mfg. Co.,* 614 N.E.2d 362, 365 (Ill. App. Ct. 1993) ("contribution action . . . accrues for purposes of statutes of limitations . . . when there is no underlying direct action pending and the party seeking contribution makes payment or undertakes an obligation to make payment to the injured original claimant . . . ."), and that plaintiff's costs in assisting GCSD in defending Plocher's claims constitute an "actual loss" that triggered the statute of limitations with respect to plaintiff's claims against defendant.  See, e.g., *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 538 N.E.2d 530, 539 (Ill. 1989) ("cause of action on an indemnity agreement does not arise until the indemnitee either has had a judgment entered against him for damages, or has made payments or suffered actual loss.") (cite omitted).  Defendant's position is tenuous at best.  The plain language of the statute speaks in terms of a "payment in discharge of [plaintiff's] liability to the claimant;" here, plaintiff's costs incurred in assisting GCSD's defense against Plocher cannot be said to have discharged plaintiff's liability to GCSD.  Moreover, the Court notes that plaintiff, in the instant action, is not seeking recovery of its expenses incurred in assisting GCSD in the arbitration proceedings.  The Court finds more reasonable the plaintiff's position that plaintiff's action against defendant accrued for purposes of the statute of limitations when plaintiff made its payment to GCSD pursuant to the terms of their settlement agreement.  Moreover, that conclusion is supported by Illinois law.

> Under Illinois law, a defendant entitled to bring an implied contract of indemnity action has a choice of filing a third-party complaint against a party who may be liable to indemnify him as a part of the original action . . . , or of waiting until the original action is over and filing a separate action for indemnity if he is found liable. In effect, Illinois law allows the third-party indemnity claim to be filed before it accrues, in order to promote settlement of all claims in one action. The third-party claim cannot be determined, however, before the underlying claim establishing

> liability and damages is determined. It follows that the cause of action for an implied contract of indemnity does not accrue until the defendant has a judgment entered against him or until he settles the claim made against him. Only at that point does the cause of action for indemnity accrue and the statute of limitations begin to run.

*Anixter Brothers, Inc. v. Central Steel & Wire Co.,* 463 N.E.2d 913, 917 (Ill. App. Ct. 1984), *cited with approval in Guzman v. C.R. Epperson Const., Inc.*, 752 N.E.2d 1069, 1075 (Ill. 2001).

Based on the evidence in the record, plaintiff and GCSD entered into a settlement agreement at some point in time between September 19, 2002 and December 11, 2002, and plaintiff's payment in discharge of its liability to GCSD was made on December 11, 2002. Plaintiff's complaint was filed July 9, 2004, well within the two-year statute of limitations. Therefore, plaintiff's claim is not time barred.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** plaintiff's motion for partial summary judgment on defendant's affirmative defense that plaintiff's claim is barred by the statute of limitations. As a matter of law, defendant may not assert the affirmative defense that plaintiff's claim is barred by the statute of limitations.

**IT IS SO ORDERED.**

**DATED:   June 29, 2005.**

                                              **s/ WILLIAM D.  STIEHL**
                                              **DISTRICT JUDGE**